UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LANDRY DIXON | CIVIL ACTION |
| VERSUS | NO. 20-2461 |
| CAPITAL ONE BANK ET AL | SECTION "L" (4) |

### ORDER & REASONS

Before the Court is a Motion to Dismiss for Failure to State a Claim by Defendants Capital One Auto Finance ("COAF"), Capital One Bank, Richard D. Fairbank, Subbu Rajasimhan, Colin J. Ruh, and Matthew C. Trout (the "Individual Defendants"). R. Doc. 6. Plaintiff, proceeding *pro se*, opposes the motion. R. Doc. 9. Having considered the applicable law and the parties' arguments, the Court now rules as follows.

### I.    BACKGROUND

This lawsuit arises out of a dispute over the financing of a 2017 Toyota Corolla Sedan between Plaintiff Landry Dixon and COAF. Plaintiff claims that Defendants breached an alleged agreement to settle an account debt by sending him a demand notice with intent to repossess, despite his debt having been paid in full. R. Doc. 1 ¶¶ 1,2. Plaintiff purchased the sedan on December 2, 2016 for $17,771. R. Doc 1-1 at 2. Dissatisfied with the financing agreement, Plaintiff brought suit against Capital One Auto Finance in 2017, alleging that Defendants violated the Truth in Lending Act and Americans with Disabilities Act. On May 24, 2017, Plaintiff's claims were dismissed with prejudice because he failed to allege the terms were misleading on their face, but rather claimed he was verbally misled by Toyota of New Orleans employees. *Id. Dixon v. Toyota of New Orleans*, No. CV 17-111, 2017 WL 6211038, at *1 (E.D. La. May 24, 2017) (Africk, J.).

1

After his first suit was dismissed, Plaintiff received an offer from COAF to settle his account debt. *Id*. Plaintiff maintains that he accepted this Account Settlement Offer on July 28, 2017 and subsequently paid COAF the entire amount over 38 months, satisfying the agreement. *Id*. ¶¶ 2, 3. On July 20, 2020, Plaintiff received a Demand Notice that his vehicle was at risk of being repossessed. *Id* ¶ 4. Believing his debt had been paid in full, Plaintiff filed the instant suit alleging that Defendants "engaged in a nefarious conspiracy" to extort money from him and to deprive him of his vehicle in violation of federal, Louisiana, Virginia and California law. *Id*. ¶ 5. He now seeks approximately $105,540,000 dollars in damages. *Id*. ¶ 6. Defendants point out that the Plaintiff has a pattern of suing vehicle lease companies and their employees, "often demanding millions of dollars in damages based on allegations that Dixon is the target of some nefarious, ill-defined conspiracy". R. Doc. 6-1 at 2.[1]

Defendants now move to dismiss Plaintiff's claims for three reasons. First, Defendants argue that no valid contract was formed between the parties. R. Doc. 6-1 at 5. Because Plaintiff did not return the alleged settlement agreement and a COAF representative did not sign the alleged agreement, there was no meeting of the minds to indicate a contract was formed. *Id*. Alternatively, even if a contract did exist, Defendants maintain that Plaintiff did not fulfill his obligations, given that the contract requires payments of $500 for forty-two months and Plaintiff

---

[1] *Dixon v. Bohn*, 04-503 (La. App. 5 Cir. 11/30/04), 890 So. 2d 613, 614 (Dixon sued Donald B. Bohn, Jr. and Harvey GM, LLC for fraud related to the sale of a used truck, which was dismissed on a peremptory exception); *Dixon v. Toyota Motor Credit Corporation, et al,* E.D. La. Case No. 2:12-cv-02150 (Dixon sued Toyota Motor Credit Corporation and a dealership sales manager in a complaint titled "fraudulent lease agreement," both claims were dismissed and the dismissal was confirmed on appeal); *Dixon v. Toyota Motor Credit Corporation, et al*, E.D. La. Case No. 2:14-cv-00007 (Dixon again sued Toyota Motor Credit Corporation regarding the same lease at issue in the previously dismissed complaint from 2012); *Dixon v. Toyota of New Orleans, et al*, E.D. La. Case No. 2:17-cv-00111 (Dixon sued Toyota of New Orleans, Toyota Motor Sales, Toyota Financial Services, and Capital One Auto Finance alleging "Automotive Retail-Contract Fraud," which was dismissed on summary judgment); *Dixon v. Ally Financial Corporation, et al*, E.D. La. Case No. 2:19-cv-11344 (Dixon sued Ally Financial Corporation and several Ally employees and officers for "bank lending fraud" related to an auto loan, which was dismissed on a Rule 12(b)(6) motion); *Dixon v. General Motors Financial Corporation*, et al, E.D. La. Case No.: 2:17-cv-4492 (Dixon filed a Complaint against GM Financial and numerous GM Financial employees for damages arising from GM Financial's recovery of a leased car, which was dismissed at summary judgment)

paid only thirty-eight months. *Id.*; *see* R. Docs. 1; 1-1. Second, Defendants argue that the Individual Defendants are not liable as a matter of law for any breach of contract claims against their employers, COAF. R. Doc. 6 at 6. Third, Defendants allege improper service, as the Plaintiff attempted to serve the Individual Defendants at their employer's address. *Id.* at 8-10.

## II. LAW & ANALYSIS

### a. Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). But the Court is not bound to accept "as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation et al. v. William Twombly*, 550 U.S. 544, 545 (2007)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.

### b. Discussion

Although courts are generally willing to construe pro se filings liberally, "we still require pro se parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). "Pro se litigants must properly plead sufficient

facts that, when liberally construed, state a plausible claim to relief." *Id.* Having reviewed the allegations in the complaint, the Court cannot discern violations of La. Civ. Code arts. 965 and 966, which deal with accretion upon renunciation in testate successions and acceptance or renunciation of accretion, respectively. Similarly, Plaintiff offers no factual or legal basis to support claims under the referenced California and Virginia statutes, and thus fails to meet the pleading standards of Federal Rule of Civil Procedure 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Furthermore, Plaintiff failed to properly serve the Individual Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure because the Plaintiff effectuated service by means of a PO Box purportedly belonging to their employer Capital One Bank. This does not comport with any permitted method of service upon an individual. *See* La. R.S. 13:3204; *Collier v. Landry*, 12-718 (La. App. 5 Cir. 4/10/13), 115 So. 3d 31, 33 ("[V]alid long-arm service of process cannot be effected on a defendant by sending a certified copy of the citation and petition to defendant's place of employment by certified mail." Therefore, Plaintiff's claims against the Individual Defendants are dismissed pursuant to Rule 12(b)(5).

Because Plaintiff also seeks a reissuance of the summons, R. Doc. 8, the Court notes that even if service had been effectuated, Plaintiff's claims against the Individual Defendants fail as a matter of law. Absent a showing of fraud or criminal wrongdoings, corporate officers and employees are not personally liable for their employer's breach of contract. *Martin v. Wood*, No. CIV.A. 10-3595, 2011 WL 4550339, at *4 (E.D. La. Sept. 29, 2011); *see also New Orleans Jazz & Heritage Found., Inc. v. Kirksey,* 40 So.3d 394, 403 (La. Ct. App. 2010) (citing La. Rev. Stat. 12: 93(B)). The Individual Defendants are not parties to the alleged account settlement

4

contract. Therefore, in order to be held liable, plaintiff must allege facts that indicate the Individual Defendants engaged in fraud or other wrongdoing. Plaintiff has not done so here.

As for the remaining breach of contract claim against COAF, Plaintiff has not plausibly shown the existence of a contract.[2] Under Louisiana law, a contract is formed by the consent of the parties established through offer and acceptance. *Express Lien, Inc. v. Nationwide Notice, Inc.*, No. CV 16-2926, 2016 WL 7097382, at *4 (E.D. La. Dec. 5, 2016) (citing La. Civ. Code. art. 1927). In other words, an enforceable contract requires a "meeting of the minds". *Read v. Willwoods Cmty.*, 2014-1475, p. 5 (La. 3/17/15); 165 So. 3d. 883, 887.

Here, Plaintiff did not return the alleged settlement agreement to constitute acceptance. See R. Doc. 1-1. Dixon alleges that he accepted the offer on July 28, 2017 by forwarding a $500.00 payment from his State Farm Bank account to Capital One R. Doc. 1 ¶ 3. This was not a valid method of acceptance. *See* R. Doc. 1-1 (detailing that the settlement offer may be accepted by a sending a check with the Settlement Agreement Coupon in an enclosed envelope or by calling COAF during business hours). Plaintiff does not allege that he called COAF nor that he mailed his settlement payment using the provided coupon, and as a result, there is no indication that Plaintiff ever accepted the Account Settlement Offer.

Moreover, Plaintiff appears to have made a counteroffer by including type printed language in which he offers to pay an initial payment of $768.92 and then 42 monthly payments of $500.00. *See* R. Doc. 1-1. There is no signature on the line added to denote the "COAF Representative" to

---

[2] Plaintiff alleges in the Complaint that the settlement amount was $19,350.15; however, the attached Account Settlement Offer indicates a settlement amount of $21,768.92. R. Doc. 1-1.[2] "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940). Plaintiff's exhibit contradicts allegations made in the complaint, and therefore, the exhibit controls. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

indicate that COAF agreed to this offer.[3] *Id*. For these reasons, there was no meeting of the minds between the parties to support contract formation.[4] *Landix v. Blunt,* 2012-1231 (La. App. 4 Cir. 3/20/13), 112 So. 3d 376, 379.

"This is not a case where the plaintiff has pleaded too little, but where he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them" *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d at 813. Here, the facts plainly demonstrate the absence of any express or implied contract based on the COAF's Account Settlement Offer. Accordingly, Plaintiff does not have a breach of contract claim against COAF.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion to dismiss, R. Doc. 6, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff case is hereby **DISMISSED WITH PREJUDICE.**

Accordingly, Plaintiff's Motion to Reissue Summons, R. Doc. 8, is **DISMISSED AS MOOT.**

New Orleans, Louisiana, on this 15th day of January 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Assuming for the sake of argument that COAF had accepted this counteroffer, Plaintiff has not fulfilled his obligations, as he has alleges he made only 38 monthly payments. R. Doc. 1 ¶ 3. Further, the State Farm bank records indicate that Plaintiff in fact made a total of 31 payments to date. R. Doc. 9-1 at 4-5.

[4] The exhibits attached to Plaintiff's response also reveal that Plaintiff received a subsequent offer from COAF on November 28, 2017 to settle his debts for $15,550. R. Doc. 9-1 at 6. This contradicts Plaintiff's assertion that he accepted the July 5, 2017 offer. However, the Court is confined to the pleadings and their exhibits at this stage in the proceedings. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).